# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

ORLANDO WALKER, )
)
      Plaintiff, )
)
v. ) Case No. CIV-15-1353-R
)
CAROLYN W. COLVIN, Acting )
Commissioner of the Social Security )
Administration, )
)
      Defendant. )

## REPORT AND RECOMMENDATION

Plaintiff, Orlando Walker, seeks judicial review of the Social Security Administration's denial of disability insurance benefits (DIB). This matter has been referred by United States District Judge David L. Russell for proposed findings and recommendations. *See* 28 U.S.C. § 636(b)(1)(B) and (C). For the reasons set forth below, it is recommended that the Commissioner's decision be reversed and the matter remanded for further proceedings consistent with this Report and Recommendation.

**I.**     **Procedural Background**

In October 2012, Plaintiff filed an application for disability insurance benefits. AR 264-268. The Social Security Administration (SSA) denied the application initially and on reconsideration. AR 180, 191. Following a hearing, an Administrative Law Judge (ALJ) issued an unfavorable decision dated July 28, 2014. AR 146-157. The Appeals Council denied Plaintiff's request for review. AR 1-7. Thus, the decision of the ALJ became the final decision of the Commissioner. Plaintiff seeks judicial review of this final agency decision.

## II.　The ALJ's Decision

The ALJ followed the sequential evaluation process required by agency regulations. *See Fischer-Ross v. Barnhart*, 431 F.3d 729, 731 (10th Cir. 2005) (explaining five-step sequential evaluations process); *see also* 20 C.F.R. §§ 404.1520, 416.920. The ALJ first determined that Plaintiff had not engaged in substantial gainful activity since his amended alleged onset date, October 27, 2010. AR 148, 167.[1]

At step two, the ALJ determined that Plaintiff suffers from the following impairments which, when combined, are severe: shoulder joint pain; tinea pedis, mild spondylosis/degeneration of lumbar spine; major depressive disorder; and anxiety related disorders. AR 148. At step three, the ALJ found that Plaintiff's impairments do not meet or medically equal any of the impairments listed at 20 C.F.R. Part 404, Subpart P, Appendix 1. AR 151.

The ALJ next determined Plaintiff's residual functional capacity (RFC), concluding that he could perform light work, except that Plaintiff could only occasionally reach with the left shoulder, occasionally use ramps and stairs and could not use a ladder, rope or scaffolds. AR 152. The ALJ further determined Plaintiff can perform simple tasks, with routine supervision, have superficial contact with co-workers and supervisors and no interaction with the public. *Id*. AR 152.[2]

At step four, the ALJ determined Plaintiff could not perform his past relevant work as a lawn service worker and janitor because the exertional level of those jobs (heavy and medium)

---

[1] The ALJ found Plaintiff met the insured status requirements of the Act through December 31, 2015. AR 148.

[2] *See* 20 C.F.R. §§ 404.1567(b) (setting forth requirements for light work).

2

exceeded Plaintiff's RFC. At step five, considering Plaintiff's RFC and the testimony of the vocational expert (VE), the ALJ determined other jobs exist that Plaintiff can perform and those jobs exist in significant numbers in the national economy. AR 157. Therefore, the ALJ concluded that Plaintiff was not disabled for purposes of the Social Security Act. *Id*.

### III. Claims Presented for Judicial Review

Plaintiff presents the following two claims for judicial review: (1) the "VE testimony does not match the RFC," i.e., a conflict exists between the VE's testimony in response to hypothetical questions by the ALJ and the Dictionary of Occupational Titles (DOT) description of the jobs identified by the VE; and (2) the RFC determination is erroneous because it fails to properly account for Plaintiff's mental impairments. For the reasons set forth below, it is recommended that the Commissioner's decision be reversed and the matter be remanded as to issues attendant to Plaintiff's first claim of error. Plaintiff's second claim of error, however, lacks merit.

### IV. Standard of Review

Judicial review of the Commissioner's final decision is limited to determining whether the factual findings are supported by substantial evidence in the record as a whole and whether the correct legal standards were applied. *See Poppa v. Astrue*, 569 F.3d 1167, 1169 (10th Cir. 2009). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Doyal v. Barnhart*, 331 F.3d 758, 760 (10th Cir. 2003) (quotation omitted). A decision is not based on substantial evidence if it is overwhelmed by other evidence in the record or if there is a mere scintilla of evidence supporting it. *Branum v. Barnhart*, 385 F.3d 1268, 1270 (10th Cir. 2004). The court "meticulously examine[s] the record as a whole, including anything that may undercut or detract from the ALJ's findings in order to

determine if the substantiality test has been met." *Wall v. Astrue*, 561 F.3d 1048, 1052 (10th Cir. 2009) (citations omitted). While the court considers whether the ALJ followed the applicable rules of law in weighing particular types of evidence in disability cases, the court does not reweigh the evidence or substitute its own judgment for that of the Commissioner. *Bowman v. Astrue*, 511 F.3d 1270, 1272 (10th Cir. 2008) (quotations and citations omitted).

**V.**     **Analysis**

    **A.**     **Inconsistencies Between the ALJ's Physical RFC Determination and the Testimony of the VE**

The ALJ's physical RFC determination includes a finding that Plaintiff can only occasionally reach with the left shoulder. AR 152.[3] Plaintiff claims the RFC is at odds with the DOT for all three jobs identified by the ALJ at step five, because the DOT assigns a requirement of frequent reaching to these jobs. *See* DOT § 706.684-042 (Bench Assembler, § 690.685-014 (Assembly – Press Operator) and § 729.687-010 Assembler, Electrical Accessories I).[4] Plaintiff claims the inconsistency between the DOT job description and the VE testimony requires a remand.[5]

The Commissioner gives scant attention to this argument. The Commissioner simply concludes, without supporting analysis, that "the hypothetical question reflected the limitations

---

[3] During the questioning of the VE at the administrative hearing the ALJ clarified that by use of the term "occasionally," the ALJ meant "up to a third of the time." AR 176.

[4] The DOT defines frequent as "up to two-thirds of the time." *Selected Characteristics of Occupations Defined in the Revised Dictionary of Occupational Titles* app. C (1993 ed.).

[5] Alternatively, Plaintiff claims the VE should have addressed issues related to an erosion of the job base. *See* Pl.'s Brf. at p. 3. Because a remand is required due to the inconsistency between the RFC and the DOT job description, which was not addressed by the VE testimony, the Court finds it unnecessary to consider Plaintiff's alternative claim.

included in the RFC assessment" and, "[a]s such, the [VE's] testimony was substantial evidence upon which the ALJ could rely." *See* Def.'s Brf. at p. 12.

Pursuant to SSR 00–4p "an ALJ must inquire about and resolve any conflicts between a [VE's] testimony regarding a job and the description of that job in the [DOT]." *Poppa*, 569 F.3d at 1173–74; SSR 00–4p, 2000 WL 1898704 at *2 (2000). At the hearing, the ALJ presented a hypothetical to the VE that included a limitation "to only occasional *lifting* with [the] left shoulder." AR 176 (emphasis added). The hypothetical contained no limitation with respect to *reaching* with the left shoulder. In response, the following exchange took place between the VE and the ALJ:

> A. [VE] Sir, if you could clarify; the hypothetical stated occasionally *lifting* with the left shoulder?
>
> Q. [ALJ] Uh-huh. In other words, up to a third of the time. He can *lift* with his right arm and assist with his left but . . . . he's had some medical conditions in the past that probably preclude bilateral *lifting*.
>
> A. [VE] Okay. Thank you, sir. The <u>DOT</u> does not address bilateral *lifting*. . . . Based upon my experience, I would conclude that he could perform jobs such as bench assembler . . . <u>DOT</u> 706.684-042 . . . .assembler, electrical equipment . . . <u>DOT</u> 729.687-010 . . . and a press machine operator . . . .<u>DOT</u> 690.685-014 . . . .
>
> Q. [ALJ] Okay. Does the evidence that you have provided conflict with information in the <u>DOT</u>?
>
> A. [VE] Other than the noting of bilateral *lifting* and use of the upper extremities, no, sir.

AR 176-177 (emphasis added). Although the ALJ asked the VE about *lifting*, the ALJ elicited no testimony from the VE about *reaching*.

In a footnote, the Commissioner observes that "[t]he RFC limited Plaintiff to *reach* occasionally with his left arm, where the hypothetical question restricted Plaintiff to occasional *lifting* with his left shoulder." *Id*. at p. 12, n.9 (emphasis added). The Commissioner then states:

5

"[b]ut Plaintiff does not challenge this slight difference between the RFC and hypothetical question." *Id*.

The Court recognizes that Plaintiff presents the claim somewhat inartfully, focusing primarily on a discrepancy in the level of frequency, as opposed to a discrepancy between reaching and lifting. Nonetheless, the error claimed by Plaintiff adequately encompasses the latter discrepancy. And, contrary to the Commissioner's characterization, this discrepancy is not a "slight difference." Reaching and lifting are not the same. "Reaching is defined as "[e]xtending hand(s) and arm(s) in any direction." *Selected Characteristics of Occupations Defined in the Revised Dictionary of Occupational Titles* app. C (1993 ed.). "Lifting" means "[r]aising or lowering an object from one level to another." *Id*. Moreover, lifting is one of the seven strength demands addressed in an individual's exertional capacity, but reaching is a nonexertional manipulative activity. *See* SSR 96-9p, 1996 WL 374185 at *5.

Because lifting and reaching are distinct, no VE testimony exists to explain the discrepancy between the RFC limitation to "only occasional reaching with the left shoulder" and the DOT job descriptions which require frequent reaching. It is well-established that hypotheticals to the VE must precisely relate the impairments borne out by the evidentiary record. *See Hargis v. Sullivan*, 945 F.2d 1482, 1492 (10th Cir. 1991) ("[T]estimony elicited by hypothetical questions that do not relate with precision all of a claimant's impairments cannot constitute substantial evidence to support the [Commissioner's] decision.") (quotation omitted). Here, the ALJ expressly found that "degenerative changes" in Plaintiff's left shoulder required the inclusion of a "*reaching*" limitation in the RFC. AR 154-155 (emphasis added). He did not explore this reaching limitation in the hypothetical questions to the VE. And the VE did not address the conflict between the RFC's left-shoulder reaching limitation and the frequent

reaching requirements of each of the step-five jobs. As a result, substantial evidence does not support the ALJ's step-five findings and a remand is required.

### B. The ALJ's Mental RFC Determination

Plaintiff challenges the ALJ's mental RFC determination. First, Plaintiff claims the ALJ's finding that Plaintiff can perform "simple tasks with routine supervision" fails to account for Plaintiff's depression and anxiety disorder. *See* Pl.'s Brf. at p. 4. However, "[t]he mere diagnosis of a condition does not establish its severity or any resulting work limitations." *Paulsen v. Colvin*, -- F. App'x --, No. 15-1277, 2016 WL 6440368 at *4 (10th Cir. 2016). The ALJ's RFC determination clearly includes limitations resulting from Plaintiff's mental impairments. And, Plaintiff does not identify any additional functional limitations supported by the record, and omitted from the RFC, resulting from his depression and anxiety. *See Miller v. Astrue*, 496 F. App'x 853, 859-60 (10th Cir. 2012) ("The record evidence does not support any mental functional limitations arising from a personality disorder (beyond those already assessed), and Ms. Miller has not identified any medical findings attributable to a personality disorder that would impose such limitations.") (*citing Bernal v. Bowen,* 851 F.2d 297, 301 (10th Cir. 1988) (observing that the "mere fact that [the claimant] was diagnosed as suffering from major depression does not automatically mean that he is disabled")). Plaintiff's conclusory claim that the ALJ's mental RFC determination did not account for his depression and anxiety is meritless.

Plaintiff further claims the ALJ "confused mental work-related limitations with skill level by saying [his] limitations equated to simple work." *Id. See* Pl.'s Brf. at p. 4. Plaintiff contends "the ALJ's RFC included that [he] was markedly limited or could NOT understand, remember and carry out detailed instructions" but the jobs identified by the VE "all required the ability to

perform *detailed* work." *See id*. at p. 6.[6]  Elsewhere, Plaintiff erroneously states the ALJ limited him to "simple work."  *See, e.g., id*. at p. 4 ("the ALJ confused mental work-related limitations with skill level *by saying Mr. Walker's limitations equated to simple work*"); and p. 6 (stating Plaintiff's RFC included a limitation to unskilled work, "or, *as the ALJ phrased it here, 'simple work'* . . .") (emphasis added).

Plaintiff misrepresents the ALJ's mental RFC determination.  The ALJ specifically found that Plaintiff "can perform *simple tasks*, with routine supervision, with superficial contact with co-workers and supervisors, and no interaction with the public." AR 152 (emphasis added).

In support of his RFC determination, the ALJ gave "great weight" to the state agency psychological consultants, Carol Mahoney, Ph.D. and Diane Hyde, Ph.D., who completed both a rating of Plaintiff's mental functional limitations and a narrative explanation of those limitations. AR 155.[7]  The state agency consultants rated Plaintiff as markedly limited in the ability to understand, remember and carry out detailed instructions. AR 187-188, 202.  But they further

---

[6] As the Commissioner correctly points out, Plaintiff, without development, states that the jobs identified by the VE require the ability to perform detailed work.  *See* Pl.'s Brf. at p. 6; *see also* Def.'s Brf. at p. 11.  Plaintiff does not cite any authority or otherwise address what he relies upon to support this claim.  Due to a lack of development, Plaintiff has waived any claim of error related to this unsupported statement.  *See Keyes–Zachary v. Astrue*, 695 F.3d 1156, 1161 (10th Cir. 2012) ("We will consider and discuss only those contentions that have been adequately briefed for review."); *Paulek v. Colvin*, -- F. App'x --, No. 16-1007, 2016 WL 5723860 at *8 (10th Cir. 2016) ("It is [the claimant's] obligation to put forth specific points of error for [the court's] consideration").

[7] The Mental Residual Functional Capacity Assessment form includes a series of questions to "help determine the individual's ability to perform sustained work activities" and "is documented in the explanatory text boxes following each category of limitation (i.e., understanding and memory, sustained concentration and persistence, social interaction and adaptation)." AR 201. "However, the actual mental residual functional capacity assessment is recorded in the narrative discussions(s), which describes how the evidence supports each conclusion." *Id*. "[A]djudicators are to use the . . . narrative as the RFC assessment." *Lee v. Colvin*, 631 F. App'x 538, 541 (10th Cir. 2015) (addressing distinction between ratings of degree of limitation for each category and the narrative used as the assessment of RFC) (*citing* Social Security Administration's Program Operations Manual Systems (POMS), DI 25020.010 B.1.).

rated Plaintiff as not significantly limited in the ability to understand, remember and carry out very short and simple instructions. *Id.*[8] In the narrative explanation of the mental RFC, the state agency consultants opined that Plaintiff could "perform simple tasks with routine supervision." AR 187-188, 202-203. The ALJ omitted the "markedly limited" rating, but expressly incorporated the narrative findings in the mental RFC. *See* AR 152 ("The claimant can perform simple tasks, with routine supervision . . . .").

The jobs identified by the VE and relied upon by the ALJ at step five are unskilled jobs with a specific vocational preparation (SVP) of 2.[9] AR 157. The VE identified these jobs in response to the ALJ's hypothetical which mirrored the ALJ's RFC with respect to mental limitations. *See* AR 152, 176.

The Tenth Circuit has found no error where, as here, the ALJ adopted the consultant's narrative explanation in the RFC determination but did not include the rating. As the Commissioner points out, most recently in *Nelson v. Colvin*, 655 F. App'x 626 (10th Cir. 2016), the Tenth Circuit found that the consultant's RFC narrative "adequately captured" the consultant's ratings of marked limitations in the "ability to understand and remember detailed instructions" where the narrative limited the claimant to "carrying out simple instructions with routine supervision[.]" *Id.* at 629. As the Tenth Circuit concluded in *Nelson*, even though the

---

[8] Plaintiff makes reference to "moderate" limitations purportedly found by both the agency consultants and the ALJ. *See, e.g.*, Pl.'s Brf. at p. 6 (referencing agency findings) and p. 7 (referencing ALJ's findings). But those findings were made in the context of addressing step-three listing criteria and not when assessing Plaintiff's RFC.

[9] SVP 2 work is considered "unskilled." *See* SSR 00-4p, 2000 WL 1898704 at *3 ("unskilled work corresponds to an SVP of 1-2"). Unskilled work generally requires only the ability to: (1) understand, remember and carry out simple instructions; (2) make judgments commensurate with the functions of unskilled work, i.e., simple work-related decisions; (3) respond appropriately to supervision, co-workers and usual work situations; and (4) deal with changes in a routine work setting. *See Vigil v. Colvin*, 805 F.3d 1199, 1204 (10th Cir. 2015).

consultant rated the claimant as markedly limited in the ability to remember and carry out detailed instructions, "unskilled work does not require these abilities[.]" *Id*. Therefore, "by limiting [the claimant] to unskilled work, the ALJ effectively accounted for *all* the limitations noted" in the consultant's rating of limitations. *Id*. As in *Nelson*, the step-five jobs relied upon by the ALJ in this case are all unskilled jobs. AR 157. The ALJ's RFC limitation to "simple tasks with routine supervision" adequately accounts for Plaintiff's mental limitations and is supported by substantial evidence. Accordingly, Plaintiff fails to demonstrate any error in the ALJ's mental RFC determination.[10]

## VI. Conclusion

A remand is required to address inconsistencies between the RFC finding that Plaintiff can only occasionally reach with the left shoulder and the DOT job descriptions for the step-five jobs the ALJ relied upon, which each require frequent reaching. The VE testimony did not address reaching limitations but instead focused on lifting limitations. Substantial evidence, therefore, does not support the ALJ's step-five findings. Plaintiff's challenge to the ALJ's mental RFC findings lacks merit. Those findings are supported by substantial evidence.

---

[10] Plaintiff's reliance on *Chapo v. Astrue*, 682 F.3d 1285 (10th Cir. 2012) and *Groberg v. Astrue*, 505 F. App'x 763 (10th Cir. 2012) is unavailing. In those cases, the court addressed the fact that a restriction to "simple" or unskilled work," without additional findings regarding mental limitations, does not sufficiently account for a claimant's mental impairments. Fundamentally, as discussed above, Plaintiff misrepresents that the ALJ found Plaintiff was limited to "simple work." Instead, the ALJ made specific findings as part of his RFC determination regarding Plaintiff's mental limitations. Because Plaintiff's misrepresentation serves as the basis for his reliance on *Chapo* and *Groberg*, his reliance on those cases is necessarily misplaced. Moreover, subsequent to *Chapo* and *Groberg*, the Tenth Circuit held in *Vigil* that a claimant's moderate limitations with respect to concentration, persistence and pace were adequately addressed by an RFC limiting the claimant to unskilled work. *Id*., 805 F.3d at 1204. The instant case falls more squarely within the scope of the *Vigil* decision. *See also Richards v. Colvin*, 640 F. App'x 786, 790 (10th Cir. 2016) (acknowledging that restrictions in an RFC such as limiting the claimant to "understanding, remembering, and carrying out only simple instructions and making only simple work-related decisions . . . or even a limitation to 'unskilled work' . . . can adequately account for a claimant's mental impairments depending on their nature.").

## RECOMMENDATION

It is recommended that the Commissioner's decision be reversed and the matter remanded for further proceedings consistent with this Report and Recommendation.

## NOTICE OF RIGHT TO OBJECT

The parties are advised of their right to object to this Report and Recommendation. *See* 28 U.S.C. § 636. Any objection must be filed with the Clerk of the District Court by January 10, 2017. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). Failure to make timely objection to this Report and Recommendation waives the right to appellate review of the factual and legal issues addressed herein. *Moore v. United States*, 950 F.2d 656 (10th Cir. 1991).

## STATUS OF REFERRAL

This Report and Recommendation terminates the referral by the District Judge in this matter.

ENTERED this 27th day of December, 2016.

_____
BERNARD M. JONES
UNITED STATES MAGISTRATE JUDGE