# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ORLANDO WALKER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CIV-15-1353-R |
| | ) |
| NANCY BERRYHILL, | ) |
| Acting Commissioner of | ) |
| Social Security, | ) |
| | ) |
| Defendant. | ) |

## ORDER

Before the Court is Plaintiff Orlando Walker's Motion for Attorney's Fees under the Equal Access to Justice Act ("EAJA"). Doc. 26. Defendant Nancy Berryhill has filed a response. Doc. 28. For the reasons that follow, Plaintiff's Motion is GRANTED.

## Discussion

Plaintiff's Motion is for fees incurred in bringing a civil action appealing an administrative determination of the Social Security Administration that Plaintiff was not disabled for purposes of the Social Security Act. United States Magistrate Judge Bernard M. Jones recommended that the Commissioner's decision be reversed and remanded. Doc. 23. This Court then adopted the Report and Recommendation. Doc. 24.

Arguing that the position of the Defendant has not been substantially justified, Plaintiff now requests an award of $5,398.80 for attorney's fees incurred in this civil action at a request rate of $192.00 per hour for attorney services and $110.00 per hour for

1

paralegal services, all pursuant to the EAJA, 28 U.S.C. § 2412. Defendant objects to Plaintiff's EAJA fee request—not on the basis that the Defendant was substantially justified in its position—but on the grounds that special circumstances exist that support denying or reducing an award under the EAJA.

An EAJA award may be denied or reduced if "special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A). Though this statute does not define "special circumstances" or "unjust," the Eighth Circuit has explained that equitable considerations should inform a court's decision in this area. S*ee U.S. Dept. of Labor v. Rapid Robert's Inc.*, 130 F.3d 345, 347 (8th Cir. 1997) (citing *Oguachuba v. INS*, 706 F.2d 93, 98 (2d Cir. 1983) ("the EAJA thus explicitly directs a court to apply traditional equitable principles")). In a similar vein, one court has found that an award should be reduced to reflect the plaintiff's reduced contribution to his or her ultimate victory. *See Firstland Intern, Inc. v. INS*, 264 F. App'x 22, 25 (2d Cir. 2008) ("Plaintiffs' only contribution to their ultimate victory in the underlying case was the supplemental brief they submitted at this Court's request. We conclude that an award of fees for any amount greater than the cost of preparing that supplemental brief would be unjust.").

Defendant argues that special circumstances warrant a denial of attorney's fees here because Plaintiff failed to identify the specific grounds that eventually led the Court to remand. Plaintiff had two grounds for appealing the Commissioner's decision denying him disability insurance benefits. His first ground was the one that ultimately led the Court to reverse and remand the Commissioner: that the Vocational Expert's testimony did not match that of the Residual Functional Capacity ("RFC"). As Plaintiff pointed out, the ALJ

determined that because of Plaintiff's bad left shoulder he should only do "occasional" reaching with his left arm and shoulder. The ALJ then asked the VE about which jobs Plaintiff would be able to do given this limitation; the VE answered that Plaintiff could still do the jobs of bench assembler, electronic equipment assembler, and press machine operator. The problem with this answer, Plaintiff argued, was that the Dictionary of Occupational Titles classifies these jobs as requiring *frequent*, not occasional, reaching.

While the Magistrate agreed with the Plaintiff's broader notion that the VE's testimony did not match that of Plaintiff's RFC, he recommended reversal and remand on a slightly different basis than that of the distinction between occasional and frequent reaching as offered by Plaintiff. According to the Magistrate, the problem with the VE's testimony and the ALJ's RFC determination was the distinction between reaching and *lifting*. The Magistrate correctly noted that "an ALJ must inquire about and resolve any conflicts between a [VE's] testimony regarding a job and the description of that job in the [DOT]." *Poppa v. Astrue*, 569 F.3d 1167, 1173–1174 (10th Cir. 2009). At the hearing, however, the ALJ presented a hypothetical to the VE that included a limitation to *lifting* rather than Plaintiff's actual disability—being able to reach only occasionally with his left arm:

> **VE**: Sir, if you could clarify; the hypothetical stated occasionally *lifting* with the left shoulder?
>
> **ALJ**: Uh-huh. In other words, up to a third of the time. He can *lift* with his right arm and assist with his left but . . . he's had some medical conditions in the past that probably preclude bilateral *lifting*.

> **VE**: Okay. Thank you, sir. The DOT does not address bilateral *lifting* . . . Based upon my experience, I would conclude that he could perform jobs such as bench assembler . . . assembler, electrical equipment . . . and a press machine operator.
>
> **ALJ**: Okay. Does the evidence that you have provided conflict with information in the DOT?
>
> **VE**: Other than the notion of bilateral *lifting* and the use of the upper extremities, no, sir.

Doc. 23, at 5 (emphasis added).

This, the Magistrate found, was error: the ALJ failed to elicit any testimony from the VE about reaching, despite the fact that the ALJ's physical RFC determination found that Plaintiff could only occasionally reach with the left shoulder. The Magistrate nonetheless recommended reversal and remand, noting that the error claimed by Plaintiff—an inconsistency between the VE's testimony and the RFC—nonetheless encompassed this discrepancy between reaching and lifting.

Defendant's argument is that Plaintiff should therefore be denied attorney's fees since he failed to argue that this reaching/lifting distinction warranted reversal and remand. To be sure, it is a close call. Plaintiff's brief portrayed the problem as being that the VE, when asked about jobs that Plaintiff could do given his ability to reach with his left arm only occasionally, listed jobs that require frequent reaching. That said, the Magistrate did not find that that error was harmless or that Plaintiff's argument was incorrect; rather he noted that an ALJ's hypotheticals to the VE must precisely relate the impairments borne out by the evidentiary record, and the ALJ had failed to explore Plaintiff's reaching limitation with the VE. Simply put, and as Plaintiff has argued, there was still a discrepancy between the VE's testimony and Plaintiff's RFC, meaning the ALJ's finding were not

supported by substantial evidence. The Court therefore finds that no special circumstances exist which would justify denying or reducing an award of attorney's fees to Plaintiff.

The Court therefore, per Plaintiff's request, grants an award of $5,398.90 for attorney's fees at a rate of $192.00 per hour and $110 per hour for paralegal services, which are to be paid directly to Plaintiff, in care of his attorney.  In the event the EAJA fees awarded are paid to Plaintiff's counsel and Plaintiff's counsel later recovers fees pursuant to 42 U.S.C. § 406(b), Plaintiff's counsel shall refund the smaller award of attorney's fees to Plaintiff as required by *Weakley v. Bowen*, 803 F.2d 575, 580 (10th Cir. 1986)

IT IS SO ORDERED this 28th day of February 2018.

_____
DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE