# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ORLANDO WALKER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CIV-15-01353-R |
| | ) |
| NANCY BERRYHILL, | ) |
| Acting Commissioner of the Social Security | ) |
| Administration, | ) |
| | ) |
| Defendant. | ) |

## ORDER

Before this Court is the Motion for Attorney Fees under 42 U.S.C. § 406(b) filed by Plaintiff's attorney, Miles L. Mitzner. Doc. 35. On January 13, 2017, the Court entered Judgment in favor of the Plaintiff and remanded this matter to the Commissioner for further proceedings on Plaintiff's application for disability insurance benefits. *See* Docs. 24–25. Upon remand, the Commissioner concluded Plaintiff was disabled and entitled to past-due benefits. Plaintiff's counsel now moves for an Order approving an award of $32,826.00—equaling twenty-five percent of the back benefits awarded to Plaintiff by the Social Security Administration ("SSA")—pursuant to 42 U.S.C. § 406(b). Although the Commissioner does not object to the proposed award, this Court must perform an independent review to ensure that the award is reasonable. *Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002). Having considered counsel's request, the Court finds as follows.

When "a court renders a judgment favorable to a claimant . . . who was represented before the court by an attorney, the court may determine and allow as part of its judgment

a *reasonable fee* for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment . . . ." 42 U.S.C. § 406(b)(1)(A) (emphasis added). Counsel requesting the fee bears the burden of establishing the reasonableness of the requested fee. *Gisbrecht*, 535 U.S. at 807. The attorney fee award is paid by the claimant out of the past-due benefits awarded; the losing party is not responsible for payment. *Id*. at 802. "[Section] 406(b) does not displace contingent-fee agreements as the primary means by which fees are set for successfully representing Social Security benefits claimants in court. Rather, § 406(b) calls for court review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases." *Id*. at 807. Factors include: (1) the character of the representation and results achieved; (2) whether any dilatory conduct might allow attorneys to "profit from the accumulation of benefits during the pendency of the case in court"; and (3) whether "the benefits are [so] large in comparison to the amount of time counsel spent on the case" that a windfall results. *Id*. at 808.

As prescribed in *Gisbrecht*, the Court begins its analysis by reviewing the contingency fee agreement executed by Plaintiff and his counsel. *See* Doc. 35-1. Plaintiff agreed to pay attorney's fees not to exceed twenty-five percent of the back benefits awarded.[1] Here, the requested fee award equals both the contingency fee and the statutory maximum. The Court next considers the appropriate factors to determine whether a

---

[1] The Attorney Fee Agreement states that the fees "shall be the GREATER of the following: 1) 25 (twenty-five) percent of the past-due benefits resulting from [Plaintiff's] claim or claims (which [Plaintiff] understand[s] may exceed $500.00 per hour), OR 2) Such amount as [Plaintiff's counsel] is able to obtain pursuant to the Equal Access to Justice Act (EAJA)." Doc. 35-1 (emphasis original).

2

downward adjustment is necessary in this case, finding that such an adjustment is warranted. Plaintiff's counsel presents records indicating that his firm expended 31.45 total hours performing legal work before this Court to obtain remand and EAJA fees, broken into 23.65 hours of attorney work and 7.8 hours of paralegal work. *See* Doc. 35-3. But while the legal work performed by Plaintiff's counsel was of a professional quality and resulted in a remand to the SSA, without which Plaintiff would not have received past benefits, the Court finds that the award requested here is not reasonable. An award of $32,826.00 would equate to an hourly rate of $1,043.75, far exceeding the $190 non-contingent, hourly attorney rates reflected in counsel's motion.[2]

Counsel cites an unpublished case from this Court, *Gracey v. Astrue*, No. CIV-05-0823-HE, ECF No. 38 (W.D. Okla. Dec. 5, 2008), in support of his fee request. But *Gracey*, if anything, reveals how exorbitant counsel's request is. In *Gracey*, plaintiff was awarded past-due disability benefits totaling $75,499.00; Plaintiff's counsel requested $16,000.00 in attorney's fees, less than twenty-five percent of the past-due benefits. *Gracey*, No. CIV-05-0823-HE, at 1.[3] In order to assess the reasonableness of the requested fee, the court instructed counsel to submit her non-contingent hourly billing charge. *Id.* at 2; *see also Gisbrecht*, 535 U.S. at 808 ("[T]he court may require the claimant's attorney to submit, . . . as an aid to the court's assessment of the reasonableness of the fee yielded by the fee

---

[2] Even this calculation is somewhat inaccurate, as it reflects the requested fee amount ($32,826.00) divided by the total hours billed (31.45). However, 7.8 of the billed hours are attributable to paralegal work, which Plaintiff's counsel regularly bills at $110/hour. *See* Doc. 35-3. Thus, counsel's rate would be even higher, as he attributes only 23.65 hours to attorney work.

[3] Counsel's records in *Gracey* indicated 17.5 hours of attorney work and 4.6 hours of paralegal work (totaling 22.1 hours).

3

agreement, a record of the hours spent representing the claimant and a statement of the lawyer's normal hourly billing charge for noncontingent-fee cases."). Counsel was unable to comply, though, as her practice was primarily conducted on a contingency fee basis. *Id*. at 2–3. Accordingly, the court set as a "reasonable baseline" $275 per hour in light of its "familiarity with hourly rates for comparable appellate work." *Id*. at 3. To this baseline the court applied a multiplier of 2.5, which "t[ook] into account the various contingencies involved and the somewhat unique factors impacting a reasonableness determination in [the § 406(b)] context." *Id*. (citing *Ellick v. Barnhart*, 445 F. Supp. 2d 1166, 1173 (C.D. Cal. 2006)). The resulting reasonable fee amount was $13,008.75 (2.5 times an hourly rate of $275 for attorney work and $85 for paralegal work)—less than counsel's requested fee of $16,000, which was already below the twenty-five percent ceiling.

The Court finds *Gracey*'s logic persuasive. But applying *Gracey*'s methodology to counsel's records yields a reasonable fee amount far less than the amount he requested.[4]

---

[4] Indeed, counsel's discussion of *Gracey* in its motion is perplexing. Counsel first cites to *Gracey*'s benchmark rates for attorney and paralegal work, but this ignores the factual circumstances behind those rates. As plaintiff's counsel in *Gracey* did not have a standard hourly billing rate, the court constructed one using available regional data. *See Gracey*, No. CIV-05-00823-HE, at 2–3. Here, counsel has provided his standard, hourly billing rate. *See* Doc. 35. Next, counsel applies a 2.7 multiplier to *Gracey*'s benchmark rates—even though he acknowledges that the *Gracey* court applied a 2.5 multiplier. Counsel's calculations yield hourly rates of $742.50 for attorney work and $229.50 for paralegal work. *See id*. at 3. But multiplying these rates by the hours counsel billed his client does *not* equal counsel's requested fee of $32,826.00. Rather, 23.65 hours of attorney work (at $742.50/hour) plus 7.8 hours of paralegal work (at $229.50/hour) equals approximately $19,350.23, which represents about fifty-nine percent of counsel's fee request. Of course, applying a 2.7 multiplier to counsel's *actual* hourly rates ($192/hour for attorney work, $110/hour for paralegal work) yields an even smaller fee of $14,576.76. Finally, counsel concludes—remarkably—that "the amount requested here is for an hourly rate *considerably less than the hourly amount awarded in* [*Gracey*]." Doc. 35, at 6 (emphasis added). But the Court has already noted that counsel's fee request distills down to an hourly rate of $1,043.75—more than one and a half times greater than the multiplied hourly rate in *Gracey* (not to mention roughly four times *Gracey*'s benchmark hourly rate for attorney work). *See* Doc. 36, at 3 ("Contrary to counsel's motion, the hourly rate requested here, $1,043.75, is one and a half times larger than the rate in *Gracey*.").

To begin, counsel—unlike the attorney in *Gracey*—has provided hourly, non-contingent billing rates for his firm's work: $192/hour for attorney work, $110/hour for paralegal work. *See* Doc. 35-3. Consequently, the Court, unlike in *Gracey*, need not construct a "reasonable baseline" because it has the data needed. The Court will apply a 2.5 multiplier to the rates provided by counsel, in recognition of the "various contingencies" and "unique factors" salient to the § 406(b) context and contingency fee contracts generally. Applying this multiplier to the rates provided, however, does not yield a fee of $32,826.00. Rather, the reasonable fee for Plaintiff's counsel in this case is $13,497.00, which represents 23.65 hours of attorney work billed at $480/hour (or $192/hour times 2.5) *plus* 7.8 hours of paralegal work billed at $275/hour (or $110/hour times 2.5).[5]

Plaintiff's counsel is not simply entitled to twenty-five percent of the past-due benefits, either because it is the statutory ceiling or because the underlying contingency contract included this amount as a potential fee. Under the statute, counsel is entitled to a *reasonable fee*, taking into account both the underlying contingency contract and the factors outlined above designed to ensure that counsel does not enjoy a windfall. Thus, counsel's reasonable fee is $13,497.00, which represents an upward departure from the

---

[5] Moreover, in light of the Court's use of a multiplier, the methodology above is not equivalent to the lodestar method. *See Gordon v. Astrue*, 361 F. App'x 933, 936 (10th Cir. 2010) ("[The court] accepted the firm's calculation of the hours it worked, as well as the firm's affidavit . . . that [its] hourly rate was $250. Further accepting the firm's argument that it had endured a risk of loss during the pendency of the claim and operated very efficiently, the court settled on an award of $5,265, equivalent to an hourly rate of $300 and thus higher than a pure lodestar calculation would yield. Simply put, the district court did not violate *Gisbrecht*'s prohibition against setting fees using a lodestar approach without first considering the contingency fee arranged by the claimant and his attorneys. Instead, it appropriately first considered the reasonableness of the requested fee. Only after finding it wanting did the court then proceed to fashion a reasonable fee that was based on evidence the firm itself proffered and that was not a pure lodestar award.").

lodestar amount, but evades the windfall Plaintiff's counsel would enjoy from a $32,826.00 fee.

Accordingly, counsel's motion, as modified above, is GRANTED. The court approves an award of attorney's fees under 42 U.S.C. § 406(b) in the amount of $13,497.00. The Commissioner shall pay the fees directly to Plaintiff's counsel Miles L. Mitzner of the Mitzner Law Firm, PLLC. Counsel shall refund to the plaintiff the previously-awarded EAJA fee of $5,398.90 (Order, Doc. 29). *See Gisbrecht*, 535 U.S. at 796.

IT IS SO ORDERED this 7th day of December, 2018.

*[signature]*

DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE